IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Congaree B. Jenkins, ) | C/A No. 0:09-283-TLW-PJG |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Sheriff Al Cannon; Jail Administrator Mitch P. Lucas; Major Hargrove; Captain Gathers; Captain Keys, ) | |
| Defendants. ) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC. The plaintiff, Congaree B. Jenkins ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Charleston County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names governmental employees as defendants.[1] Plaintiff claims that his cell is overcrowded, requiring him to sleep on the floor, and he seeks monetary and injunctive relief. Having reviewed the Complaint, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* REVIEW PURSUANT TO THE PRISON LITIGATION REFORM ACT ("PLRA")

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon



v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that he is a detainee in the Charleston County Detention Center ("CCDC") where his cell is so overcrowded that it creates "health, life, and safety" problems.  Plaintiff alleges that his cell is a four-man cell with seven men in the cell.  He alleges that he was forced to sleep on a mat on the floor "under a metal fixed desk" with a stool already under the desk.  The court gleans from the Complaint that the desk and

stool are anchored in place. Plaintiff alleges that he "couldn't escape the area fast enough if something happen without hurting myself or hitting my head on the desk above." The Complaint appears to be based on Plaintiff's concern that his sleeping area is a safety hazard caused by overcrowding in the detention center.

The plaintiff names the following defendants: Al Cannon, Charleston County Sheriff; Mitch P. Lucas, CCDC jail administrator; as well as Hargrove, Gathers, and Keys, who are presumably employed at the CCDC. Plaintiff does not allege any actions or inaction taken by any defendant. Therefore, liberally construing the complaint, the suit against the defendants is apparently based on CCDC policy (official or *de facto*) regarding the number of men per cell and subsequent sleeping arrangements. The plaintiff seeks $50,000 in money damages and injunctive relief to stop the over crowding problem.

## DISCUSSION

Section 1983 of Title 42 of the United States Code "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

The United States Supreme Court explained in Farmer v. Brennan, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) only when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the "prison official must have a 'sufficiently culpable state of mind,'" i.e., "'deliberate indifference' to inmate health or safety." Id. at 834 (citations omitted).[2] "In short, the Court concluded that 'a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997) (citing Farmer, 511 U.S. at 847); see also Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pretrial detainee).

Regarding the objective prong of the Farmer v. Brennan analysis, courts have held that overcrowding alone is not "sufficiently serious" to establish a constitutional violation. See Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981) (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment); Fischer v. Ellegood, No. 06-15167, 2007 WL 1624315 at **4 (11th Cir. June 6, 2007) (finding that overcrowding even at double capacity does not violate the Constitution absent

---

[2]While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees—such as the plaintiff—humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir.1998). Therefore, the standards discussed in Farmer v. Brennan are applicable in this case.



"'deprivations of essential food, medical care, or sanitation'" and thus the conditions were not sufficiently extreme as to pose an unreasonable risk of serious damage to future health or safety) (citing Rhodes, 452 U.S. at 347-48). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Id. at 482.

In this case, construing all inferences in Plaintiff's favor, the alleged prison conditions do not state a cognizable claim for a constitutional violation. Plaintiff alleges that seven men are in a cell made for four men, which is not quite double capacity. The complaint does not allege any deprivations of food, medical care, or sanitation due to the overcrowding. Plaintiff does allege that he sleeps in a place that is difficult to access because it is underneath a metal desk and stool; however, Plaintiff claims no personal injury from the conditions of his confinement except the potential to injure himself if he must rise in an emergency. The complaint could be construed to attempt to state a claim for "a substantial risk of serious harm" in the future when an emergency occurs. Plaintiff apparently believes that he will not be able to exit his sleeping area quickly enough to escape. The Supreme Court has explained that subjecting individuals to a risk of future harm can qualify as cruel and unusual punishment if "the conditions presenting the risk" are "'*sure or very likely* to cause serious illness and needless suffering,' and give rise to 'sufficiently *imminent* dangers.'" Baze v. Rees, 128 S. Ct. 1520, 1530-31 (2008) (emphasis

in original). Based on the facts alleged by the plaintiff, his sleeping conditions, while inconvenient, do not present a risk sure to cause serious injury. Accordingly, Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Erickson v. Pardus, 127 S. Ct. 2197 (2007). Thus, the Complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance of summonses and service of process. See 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*[signature: Paige J. Gossett]*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 19, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).